■ In the Matter of GROUP LEGAL BENEFIT PLAN, INC.—Application by Stanley J. Somer, proposed incorporator, for approval of the incorporation and operation, pursuant to subdivision 5 of section 495 of the Judiciary Law, of a prepaid legal services plan to be known as Group Legal Benefit Plan, Inc. Application granted on the following conditions: (1) the corporation be governed and controlled by a board of directors of not more than 30 members, at least two thirds of whom shall be attorneys admitted to the Bar in the State of New York; (2) all legal services shall be furnished solely by attorneys who shall maintain full responsibility therefor; (3) all legal services shall be rendered in the names of such attorneys; (4) the corporation shall not interfere with the attorney-client relationship; (5) the corporation shall not engage in any political lobbying or propagandistic activities; (6) the corporation shall not furnish or in any way pay for legal services rendered to its officers, directors or members, unless in connection with a matter incidental to the primary purposes of the corporation; (7) the board of directors shall take appropriate action with respect to any conduct on the part of any participating attorney which may violate any statute or rule of this court regulating the conduct of attorneys; (8) all powers exercised by the corporation shall be in accordance with all applicable statutes and court rules; (9) the corporation shall submit an annual report of its operations to this court; and (10) the certificate of incorporation be amended so as to provide that subparagraph B of paragraph Fourth be entitled, "The general powers are". This application is granted within the limited parameters of discretion delineated in *Matter of Feinstein (Attorney-General of State of N. Y.)* (36 NY2d 199). In *Feinstein* the Court of Appeals joined the Appellate Division, First Judicial Department (45 AD2d 440, 441), in calling for early legislative attention to a comprehensive statute addressed to the problem of regulation of prepaid legal services plans. We again echo the Court of Appeals and the Appellate Division, First Judicial Department, in calling for legislative attention to this problem (see *Matter of Connors [Katz]*, 57 AD2d 580). Subparagraph B of paragraph Fourth of the certificate of incorporation which has been submitted for approval is introduced by the phrase, "The general purposes and powers are". Included in that subparagraph are such powers as buying, selling and renting real and personal property, soliciting and receiving grants and subventions, borrowing money and issuing bonds and notes. While such activities may constitute appropriate powers incidental to the primary purposes of the corporation, they may not properly be deemed to be purposes of the corporation and the certificate must be amended accordingly. Mollen, P. J., Hopkins, Martuscello, Latham and Damiani, JJ., concur.