### (August 16, 1979)

■ In the Matter of JAMES W. ROEMER, JR., et al., Respondents. ALBANY COUNTY BAR ASSOCIATION, Petitioner. (Proceeding No. 1.) In the Matter of JAMES W. ROEMER, JR., et al., Petitioners. (Proceeding No. 2.)—Respondents are members of an Albany law firm which entered into an agreement with one or more chapters of the Civil Service Employees Association, Inc. (CSEA) to provide legal services to members of the chapters at a fixed schedule of fees pursuant to a group legal services plan. Petitioner, the Albany County Bar Association, instituted this disciplinary proceeding (Proceeding No. 1) charging that portions of the plan are in conflict with respondents' professional responsibilities as lawyers, and, in particular, with the standards of professional conduct set forth in the Lawyers' Code of Professional Responsibility adopted by the New York State Bar Association and approved by this court (22 NYCRR 806.2). In an earlier decision, this court upon respondents' motion, dismissed all of the allegations except those charging that certain advertising done in connection with the plan was false and that the plan had not been approved by this court prior to its implementation (Matter of Anonymous, 62 AD2d 1188, app dsmd 45 NY2d 754). On this motion, petitioner seeks to have this court rule on the remaining charges without a hearing on the ground that, given respondents' answers to petitioner's interrogatories and their responses to petitioner's notice to admit, no triable issue of fact exists. Respondents admit that the plan was not submitted for approval prior to its implementation but they assert that questions of fact are involved in the charge of false advertising. However, apart from this bald assertion, respondents have failed to put forth eviden-

tiary facts which present a triable issue of fact. Thus, there is no need for a hearing. The petition alleges that a circular which advertised the benefits of the plan to the members of the CSEA chapters was false in stating that the plan offered a wide range of legal services at a substantial savings, and, more specifically, in stating that the fees were in most cases one third to one half less than the current rates for legal fees in Albany County, the falsity being in the fact that there are no established current rates for legal fees in Albany County. The circular is on the letterhead of the president of a local CSEA chapter. Respondents' assertion that they did not help prepare the circular and that they were unaware of its contents prior to its distribution is uncontradicted. Respondents argue that given their ignorance, they cannot be held accountable for the false statement. We disagree. As we have previously stated, not to hold respondents responsible for the contents of the circular would be to allow them to do indirectly what they may not do directly (Matter of Anonymous, supra, p 1189). Thus, respondents are accountable for the false statement; however, under the facts and circumstances of this case, we believe that no disciplinary action should be taken with respect to this charge other than to caution respondents that they must ensure that any advertisements relating to the plan are true and accurate and otherwise comply with the requirements of the Lawyers' Code of Professional Responsibility. As to the second charge—that the respondents failed to obtain approval of the plan before implementing it, we note that respondents, by their reliance on the decision of the Appellate Division, Second Department, in Matter of Connors (Katz) (57 AD2d 580), could reasonably, but in our opinion erroneously, have believed that our approval was not required. Moreover, respondents' good faith in failing to apply for prior approval of its plan is not challenged, nor, in our view, could it be, in light of the fact that, shortly after our decision became final (Matter of Anonymous, supra), respondents submitted the plan for approval. That application is the subject of Proceeding No. 2. Under these circumstances, we find that respondents' omission does not rise to the level of professional misconduct. Accordingly, this charge is dismissed. The second proceeding is an application by Roemer and Featherstonhaugh, pursuant to subdivision 5 of section 495 of the Judiciary Law, for approval of the group legal services plan. By the terms of the plan, the law firm undertakes to provide legal services to members of sponsoring chapters of CSEA and their beneficiaries. The agreement does not create a prepaid plan by which the firm is employed by the sponsors to render services for their members, but rather the firm has agreed to render specified legal services, at prearranged fees set forth in a fee schedule, pursuant to retainers to be made directly with members and beneficiaries, who shall be considered the firm's clients. The agreement provides that each sponsor will use a means of dignified commercial publicity in recommending the law firm to its members, which publicity shall be in accord with the Code of Professional Responsibility and may include limited biographical information concerning the law firm's attorneys. The firm agrees to maintain all records required by the Code of Professional Responsibility and to submit the records to the appropriate authority, as may be required. The petition for approval was filed in April, 1979. In the interim, by chapter 706 of the Laws of 1979, effective September 1, 1979, the Legislature deleted from subdivision 5 of section 495 any requirement for prior Appellate Division approval of legal services plans and substituted a simple filing requirement. Thereafter, the organizations described in the statute will be required only to file with the Appellate Division a statement describing the nature and purposes of the organization,

the composition of its governing body, the types of legal services being made available, and the names and addresses of any attorneys employed by the organization or with whom commitments have been made. (Judiciary Law, § 496, as added by L 1979, ch 706, § 3.) One type of organization specified is "non-profit organizations whether incorporated or unincorporated, organized and operating primarily for a purpose other than the provision of legal services and which furnish legal services as an incidental activity in furtherance of their primary purpose." (Judiciary Law, § 495, subd 7, as added by L 1979, ch 706, § 2.) Inasmuch as prior Appellate Division approval will no longer be required after September 1 next, the instant petition for such approval is unnecessary and, therefore, is dismissed. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.